# IN THE U.S. DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| **PLANET HOME LENDING, LLC** | * | |
| *Plaintiff,* | * | |
| | * | |
| v. | * | Civil Action No:  1:25-cv-01444 |
| | * | |
| **SECRETARY OF DEPARTMENT OF** | * | |
| **HOUSING AND URBAN DEVELOPMENT** | * | |
| *Serve:* The Honorable Erik S. Siebert, | * | |
| U.S. Attorney for the Eastern District of Virginia | * | |
| *at:* 2100 Jamieson Avenue | * | |
| Alexandria, Virginia 22314 | * | |
| *And serve via Certified Mail:* | * | |
| The Honorable Pamela Jo Bondi, | * | |
| Attorney General of the United States | * | |
| 950 Pennsylvania Avenue | * | |
| Washington, D.C. 20530-0001 | * | |
| *And serve via Certified Mail:* | * | |
| The Honorable Scott Turner, | * | |
| Secretary of Housing and Urban Development | * | |
| 451 7th Street, S.W. | * | |
| Washington, D.C. 20410-0001 | * | |
| | * | |
| and | * | |
| **BRADY JAY SCHULTHEISS, JR.** | * | |
| *Serve at:*  4655 Evansdale Road | * | |
| Woodbridge, Virginia 22193 | * | |
| *Defendants.* | * | |

## COMPLAINT FOR A JUDICIAL SALE

COMES NOW the Plaintiff by counsel, hereby respectfully requesting that this Honorable Court enter an order authorizing a judicial sale for the real property commonly known as 4655 Evansdale Road, Woodbridge, Virginia, and more fully described in paragraph 13 of this Complaint (hereinafter "Property"), and in support thereof states as follows:

1. This Complaint is a request for a judicial sale that is necessitated by there being two "Partial Claims Mortgage[s]" recorded in the chain of title for the Property.

2. Said mortgages are junior liens and provides a security interest to the Secretary of the

U.S. Department of Housing and Urban Development for the repayment of two promissory notes that are payable to the Secretary.

3.      The Plaintiffs, respectively, are the current Note holder and beneficiary of the first Deed of Trust encumbering the Property, and the substitute trustee of that Deed of Trust.

4.      The Plaintiffs respectfully request that the Property be sold via a judicial sale in order to satisfy the balance of the first mortgage loan, which is in default for nonpayment.

## PARTIES

5.      Planet Home Lending, LLC (hereinafter "Planet") is a Delaware limited liability company that is also registered with the Virginia State Corporation Commission.

6.      Planet has its principal place of business in Meriden, Connecticut, and offers and services residential mortgage loans.

7.      Planet is the current holder of the primary mortgage loan and beneficiary of the first Deed of Trust that is recorded as a lien in the chain of title for the Property.

8.      The U.S. Department of Housing and Urban Development (HUD) is an agency of the United States Government.

9.      The Secretary of HUD is the obligee of two promissory notes secured by two Partial Claim Mortgages recorded in the chain of title for the Property.

10.     Brady Jay Schultheiss, Jr. is the current owner of record of the Property. Upon information and belief, he is a resident of the Commonwealth of Virginia.

## JURISDICTION AND VENUE

11.     Jurisdiction is proper pursuant to 28 U.S. Code § 1331, 28 U.S. Code § 2410, and 28 U.S. Code § 1346 as an agency of the United States is a named defendant and a necessary party.

12.     Venue is proper in this Court under 28 U.S.C. § 1391(a)(1) because the Property at issue is situate within the boundaries of the Alexandria Division of the United States District Court

for the Eastern District of Virginia.

## FACTUAL ALLEGATIONS

13.     Via a "General Warranty Deed" dated February 11, 2022, Brady Jay Schultheiss, Jr. (hereinafter "Schultheiss"), became the sole owner of record of the real property legally described as,

> All of that certain lot or parcel of land held by said Grantor(s), together with improvements thereon, and all rights and privileges thereto appurtenant, lying, being and situate in the, County of Prince William, Virginia, and more particularly described as follows:
>
>> All of Lot Four Hundred Seventy-Two (472), Section Seven (7), DALE CITY, as the same appears duly dedicated, platted and recorded in Deed Book 460 at Page 365 among the land records of Prince William County, Virginia,

and commonly known as 4655 Evansdale Road, Woodbridge, Virginia (hereinafter "Property").

14.     Said Deed is recorded among the land records of the Prince William County Circuit Court as Instrument 202202150012571, and a true and accurate copy thereof is attached hereto as **Exhibit A**.

15.     In order to purchase the Property, Schultheiss entered into purchase-money mortgage loan with American Financial Network, Inc.

16.     As part of that mortgage loan, Schultheiss executed a Note for $398,646.00 and a Deed of Trust granting a security interest in the Property to the named beneficiary of the Deed of Trust.

17.     The Note and Deed of Trust are each dated February 14, 2022,

18.     Said Deed of Trust is recorded among the land records of the Prince William County Circuit Court as Instrument 202202150012572, and a true and accurate copy thereof is attached hereto as **Exhibit B**.

19.     The February 14, 2022 Deed of Trust (Exhibit B) initially named Mortgage Electronic Registration Systems (MERS) as its beneficiary.

20.     Via a "Notice of Corporate Assignment of Deed of Trust" executed on August 14, 2025,

MERS assigned its interest in the February 14, 2022 Deed of Trust (Exhibit B) to Planet Home Lending, LLC.

21. Said assignment is recorded among the land records of the Prince William County Circuit Court as Instrument 202508140045828, and a true and accurate copy thereof are attached hereto as **Exhibit C**.

22. In September of 2023, Schultheiss was offered, and did enter into, a loan modification whereby the past-due balance of his February 14, 2022 mortgage loan (Exhibit B) was reduced by $39,204.72 by transferring that amount to a junior mortgage loan with HUD.

23. As part of his mortgage loan with HUD, Schultheiss executed a promissory note for $39,204.72, payable to the Secretary of HUD, and a "Partial Claims Mortgage" in favor of the Secretary of HUD.

24. The promissory note and the Partial Claims Mortgage are each dated August 29, 2023.

25. Said Partial Claims Mortgage granted a security interest in the Property to the Secretary of HUD to ensure repayment of the promissory note for $39,204.72.

26. The Partial Claims Mortgage is recorded among the land records of the Prince William County Circuit Court as Instrument 202310040051634, and a true and accurate copy thereof is attached hereto as **Exhibit D**.

27. In January of 2025, Schultheiss was offered, and did enter into, a second loan modification whereby the past-due balance of his February 14, 2022 mortgage loan (Exhibit B) was reduced by $15,845.12 by transferring that amount to a second mortgage loan with HUD.

28. As part of his second mortgage loan with HUD, Schultheiss executed a promissory note for $15,845.12, payable to the Secretary of HUD, and a "Partial Claims Mortgage" in favor of the Secretary of HUD.

29. The promissory note and the Partial Claims Mortgage are each dated December 9,

2024.

30. Said Partial Claims Mortgage granted a security interest in the Property to the Secretary of HUD to ensure repayment of the promissory note for $15,845.12.

31. The Partial Claims Mortgage is recorded among the land records of the Prince William County Circuit Court as Instrument 202502180008168, and a true and accurate copy thereof is attached hereto as **Exhibit E**.

32. Upon information and belief, there are no other persons or entities that currently have an interest in the Property that would be considered a necessary party to this matter.

## Count I - Request for a Court-Ordered Sale

33. The Plaintiff hereby restates and incorporates in full paragraphs 1 through 32 above.

34. In February of 2025, Schultheiss's mortgage loan with Planet (Exhibit B) fell into default for nonpayment.

35. Due to said loan default, a notice of default/breach letter was sent to Schultheiss on May 2, 2025, the default was not cured, and the balance of the February 14, 2022 mortgage loan has been accelerated.

36. In order to collect the accelerated balance of the February 14, 2022 mortgage loan, Planet wants to enforce its rights in the Property by having the trustee of the February 14, 2022 Deed of Trust execute the power of sale provision found within the February 14, 2022 Deed of Trust.  See Exhibit B § 24.

37. However, because the Secretary of HUD also has security interests in the Property via its two Partial Claims Mortgages (see Exhibits D and E), a Court-ordered sale is required.

38. Case law out of the United States Court of Appeals for the Eighth Circuit has specifically held that a non-judicial sale cannot and does not clear title to real property against which liens are held by the United States.  See *Show Me State Premium Homes, LLC v. McDonnell*,

74 F.4th 911 (2023).

39.     In *Show Me*, the Eighth Circuit held that a state tax sale for real property did not clear title to that property, in which the United States' Department of Housing and Urban Development held security interests via the liens of its two mortgages loans, because there was no judicial action wherein the United States was a party.

40.     In *Show Me*, the Court of Appeals reasoned that,

> "[28 U.S.C. § 2410] waives sovereign immunity for, among other things, "civil action[s] ... to foreclose a mortgage or other lien." *Id.* § 2410(a)(2). But, according to the statute, there must be a "judicial sale" first. *Id.* § 2410(c)". *Id.* at 913.

41.     Without a judicial action, in which the United States is a party, followed by a judicially-authorized sale, the lien of the United States remains undisturbed against the real property that is sold.

42.     Furthermore, even with a judicial sale occurring, the Secretary of HUD is statutorily entitled a one-year redemption period pursuant to 28 U.S. Code § 2410(c). Said redemption period interferes with the ability to sell the Property free and clear of all liens and encumbrances.

43.     A sale of the Property with clear title and no redemption period, will bring the highest and best price for the Property.

44.     The Plaintiff now respectfully requests this Honorable Court to authorize a judicial sale of the Property, pursuant to 28 U.S. Code § 2201, so that (i) the Secretary of HUD is given and receives sufficient due process with respect to his security interests in the Property, (ii) the Secretary of HUD can protect his interests in the Property, and (iii) the Property can be sold free and clear of all liens and claims.

WHEREFORE, for the reasons so stated above, the Plaintiff by counsel respectfully requests that (i) the Court enter an Order that appoints a Special Commissioner and charges that Special Commissioner with selling the Property free and clear of all liens for fair market value

after having the Property listed with a Virginia-licensed real estate agent or broker; (ii) the Court approve a Contract of Sale for the Property after the Court is satisfied that the price offered is fair and reasonable; (iii) the Court then authorize the Special Commissioner to convey the Property to the buyer(s) on behalf of Schultheiss via a Special Commissioner's Deed; (iv) the Court authorize, from the proceeds of the sale, the payment, at closing, of the real estate agent's commission and the Special Commissioner's fees, the payment of pro rata property taxes and the Grantor's recording taxes and fees; (v) the Court also authorize, from the proceeds of the sale, the payment, at closing, of the balance of the February 14, 2022 mortgage loan held by Planet (see Exhibit B), and then the payment of the balance of the August 29, 2023 partial-claims mortgage loan held by the Secretary of HUD (see Exhibit D) to the extent funds from the sale of the Property are available, and then the payment of the balance of the December 9, 2024 partial-claims mortgage loan held by the Secretary of HUD (see Exhibit E) to the extent funds from the sale of the Property are available, and then the payment of Schultheiss with the remaining funds to the extent funds from the sale of the Property are available; and (vi) the Court also grant the Plaintiff such further relief as the Court deems necessary and/or appropriate.

            Respectfully submitted,

            **PLANET HOME LENDING, LLC**
             *and*
            **TRUSTEE SERVICES OF VIRGINIA, LLC**
             *by Counsel*

<u>September 1, 2025</u>        <u>/s/ Robert Oliveri</u>
            Robert Oliveri, Esquire (VSB #47247)
            BROCK & SCOTT, PLLC
            484 Viking Drive, Suite 170
            Virginia Beach, Virginia 23452-7321
            757-255-5286 (direct)
            703-840-4279 (facsimile)
            robert.oliveri@brockandscott.com
            *Counsel for the Plaintiffs*